Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022



troutman.com

**Joseph M. DeFazio**
joseph.defazio@troutman.com

<u>**VIA ECF**</u>

Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

---

Application granted in part and denied in part. The Court will not stay discovery. However, the deadline to complete fact discovery is extended to April 5, 2024 and the deadline to complete expert and all discovery is extended to May 20, 2024. The case management conference scheduled for May 21, 2024 is adjourned to July 8, 2024 at 2:30 p.m. All other provisions of the Civil Case Discovery Plan and Scheduling Order (Doc. 14) remain in effect.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
            January 22, 2024

---

**RE: Rothman v. LoanCare, LLC (Case No. 7:23-cv-7023) – Joint Letter Motion to Stay Deadlines Pending Resolution of Plaintiff's Motion to Amend Complaint**

Judge Halpern:

We are writing on behalf of Plaintiff Yosef Rothman ("Plaintiff") and Defendant LoanCare, LLC ("LoanCare") to request that the Court stay all pending deadlines in this case, including discovery deadlines, while the Court resolves Plaintiff's request to file and potential Motion for Leave to Amend the Complaint.

Plaintiff's Motion for Leave and proposed Amended Complaint add new theories of class liability, change and/or add new class definitions, and amend existing factual allegations. LoanCare does not consent to Plaintiff's Motion for Leave and intends to file an opposition. However, given the impending deadlines in this matter – including a fact discovery cut-off date of February 16, 2024 – the Parties believe it is necessary to stay the current deadlines so that Plaintiff's Motion for Leave can be resolved.  Without a stay of the current deadlines, it is likely that Plaintiff's Motion would not be decided until after fact discovery closes.  This means that Plaintiff must either pursue discovery based on a proposed Amended Complaint (which LoanCare would oppose) or forego the right to conduct discovery based on the proposed Amended Complaint, which would prejudice Plaintiff if the amendment were ultimately allowed.



Thus, the most judicious way to handle this dilemma is to pause the current deadlines and have all deadlines resume sixty (60) days after the Motion for Leave is decided or enter a new Scheduling Order if Plaintiff is allowed to amend her Complaint. There is good cause to grant this Motion and stay the deadlines because doing so will ensure that the Parties can finish discovery based on the claims that will move forward in the case, avoiding the need for motions practice if discovery resumes while the Motion for Leave is being considered.

Additionally, although the Parties are seeking to stay the impending deadlines, they do still intend to move forward with a settlement conference with the Magistrate Judge. Thus, the relief requested herein has the additional benefit of allowing the Parties to potentially resolve this matter without conducting any further, and potentially unnecessary, discovery in this case.

The Parties have conferred regarding this matter, and jointly request the relief sought herein. The Parties thank the Court for its attention to this matter.

Respectfully,

*/s/ Joseph M. DeFazio*

*/s/ Daniel Zemel*

167264837